```
1  SCOTT N. SCHOOLS, SBN SC 9990
   United States Attorney
2  LUCILLE GONZALES MEIS, SBN CO 15153
   Regional Chief Counsel, Region IX
3  Social Security Administration
   KATHERINE R. LOO, SBN CA 162029
4  Special Assistant United States Attorney

5       333 Market Street, Suite 1500
        San Francisco, California 94105
6       Telephone: (415) 977-8943
        Facsimile: (415) 744-0134
7       E-Mail: katherine.loo@ssa.gov

8  Attorneys for Defendant
```

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| ALANA GAMBRELL,<br><br>    Plaintiff,<br><br>    v.<br><br>MICHAEL J. ASTRUE[1],<br>Commissioner of Social Security,<br><br>    Defendant. | CIVIL NO. C-07-00232 EDL<br><br>STIPULATION AND ORDER AWARDING ATTORNEY FEES UNDER THE EQUAL ACCESS TO JUSTICE ACT (28 U.S.C. § 2412(d)) AND COSTS (28 U.S.C. § 1920) |

    IT IS HEREBY STIPULATED by the parties, through their undersigned counsel, subject to the approval of the Court, that Plaintiff be awarded attorney fees under the Equal Access to Justice Act in the amount of THREE THOUSAND FOUR HUNDRED AND FIFTY-FIVE DOLLARS AND NO CENTS (**$3,455.00**) and costs in the amount of THREE HUNDRED FIFTY EIGHT DOLLARS AND NO CENTS (**$358.00**). This amount represents compensation for all legal services rendered on behalf of

---

[1] Michael J. Astrue became the Commissioner of Social Security on February 12, 2007. Pursuant to Rule 25(d)(1) of the Federal Rules of Civil Procedure, Michael J. Astrue should, therefore, be substituted for Commissioner Jo Anne B. Barnhart as the defendant in this suit. No further action need be taken to continue this suit by reason of the last sentence of section 205(g) of the Social Security Act, 42 U.S.C. § 405(g).

Plaintiff by counsel in connection with this civil action for services performed before the district court in accordance with 28 U.S.C. §§ 1920 and 2412(d).

This stipulation constitutes a compromise settlement of Plaintiff's request for EAJA attorney fees and does not constitute an admission of liability on the part of Defendant under the EAJA. Payment in the aforementioned sum under EAJA shall constitute a complete release from and bar to any and all claims, rights, causes of action, liens or subrogated interests relating to attorneys fees and costs incurred in this action under EAJA.

The settlement of Plaintiff's claim for EAJA attorney fees does not preclude Plaintiff's counsel from seeking attorney fees under 42 U.S.C. § 406(b) of the Social Security Act, subject to the offset provisions of the law.

Respectfully submitted,

Dated: July 12, 2007

/s/ Tony Arjo by Katherine R. Loo
(As authorized via facsimile on 7/12/07)
TONY ARJO
Attorney for Plaintiff

Dated: July 12, 2007

SCOTT N. SCHOOLS
United States Attorney
LUCILLE GONZALES MEIS
Regional Chief Counsel, Region IX
Social Security Administration

/s/ Katherine R. Loo
KATHERINE R. LOO
Special Assistant United States Attorney

IT IS SO ORDERED:

Dated: July 13, 2007

IT IS SO ORDERED
Judge Elizabeth D. Laporte

THE HONORABLE ELIZABETH LAPORTE
United States Magistrate Judge