IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALANA GAMBRELL,<br><br>   Plaintiff,<br><br>   v.<br><br>JO ANNE BARNHART,<br><br>   Defendant. | No. C-07-0232 EDL<br><br>**ORDER GRANTING MOTION FOR ATTORNEY'S FEES** |

Plaintiff Alana Gambrell's attorney moves the Court to award $10,000 in attorney's fees under 42 U.S.C. § 406(b) in this social security benefits case. 42 U.S.C. § 406(b)(1)(A) provides that whenever a Court renders judgment favorable to a claimant under 42 U.S.C. §§ 401 et seq., the Court may "allow as part of its judgment a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment."

In Gisbrecht v. Barnhart, 535 U.S. 789 (2002), the Supreme Court set forth the process for determining reasonable fees under that statute. The Court held that agreements are not enforceable to the extent that they provide for fees exceeding 25 percent of past due benefits. Id. at 807. Within that boundary, the attorney for the successful claimant must show that the fee sought is reasonable for the services rendered. Id. The attorney bears the burden of persuasion that this statutory requirement has been satisfied. Id. at n. 17. The attorney's recovery may be reduced based on the character of the representation and the results the representative achieved. Id. at 808. For example, if the attorney is responsible for delay, or if the benefits are large in comparison to the time counsel spent on the case, a reduction is proper. Id. For this reason, courts may examine a record of the hours spent representing the claimant and the lawyer's normal billing hours for noncontingent fee

cases to assess the reasonableness of the fees. Id.

In the present case, Plaintiff filed an application for Social Security disability benefits on August 18, 2004. The claim was denied at all administrative levels, and Plaintiff filed an action in this Court. Pursuant to stipulation by the parties, the Court reversed and remanded the case to the administrative law judge, directing the ALJ to give further consideration to certain medical and other evidence. See June 8, 2007 Stipulation and Order of Remand. The ALJ subsequently held a hearing, and issued a favorable decision, finding that Plaintiff had been disabled since August 28, 2001. The Social Security Administration calculated her past-due benefits to be $40,786 and withheld $10,196.50 for payment of any approved attorney's fees. Plaintiff and her attorney had entered into an agreement on January 9, 2007 specifying that if her claim were decided favorably, she would pay a fee equal to 25% of past due benefits resulting from her claim. See Pl. Ex. B.

The fees sought here are reasonable. First, Plaintiff contracted with Plaintiff's attorney to pay 25% of past-due benefits and is still in support of paying this fee. There is no reason to question the sincerity of Plaintiff's declaration that she concurs with the fee request. Second, Plaintiff's attorney was not responsible for any delay in the resolution of this claim. He promptly filed his motion for summary judgment on May 18, 2007, after Defendant filed its answer to the complaint on April 6, 2007 and filed the administrative record on April 13, 2007. Thereafter, counsel reached an agreement for reversal and remand, which was ordered on June 8, 2007. Third, Plaintiff's counsel worked on this case for nineteen hours, and all of those hours were reasonably spent. While the approval of the requested fee would result in an hourly rate of $512.82, which is certainly a high hourly rate, "any reliance on a non-contingent rate without taking into account the contingent nature of this . . . fee could undercompensate [Plaintiff's counsel]." Hearn v. Barnhart, 262 F. Supp. 2d 1033, 1037 (N.D. Cal. 2003) (noting that in 2003, a social security attorney in the San Francisco bay area earned approximately $ 300 per hour on a non-contingent basis). Plaintiff's attorney agreed to a "contingency fee arrangement in which he assumed the risk of receiving nothing for his time and effort if plaintiff was unsuccessful." The risk of no recovery was certainly present here, where Plaintiff was denied at all administrative levels before she filed this suit. Fourth, the Social Security Commissioner does not object to the award.

2

Plaintiff's attorney's 42 U.S.C. § 406(b) request for $10,000 in fees is therefore approved, and his motion is granted. The award of § 406(b) fees is offset by an award of attorney's fees granted under the Equal Access to Justice Act (EAJA). 28 U.S.C. § 2412; <u>Gisbrecht</u>, 535 U.S. at 796. Accordingly, Plaintiff's counsel is ordered to return the EAJA offset of $3,455.00 to Plaintiff forthwith.

**IT IS SO ORDERED.**

Dated: September 15, 2008

*Elizabeth D. Laporte*
ELIZABETH D. LAPORTE
United States Magistrate Judge